UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>KAG WEST LLC,<br><br>Defendant. | Case No. 3:23-cv-05949-TMC<br><br>ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE |

### I.  ORDER

Before the Court is the parties' joint motion for entry of consent decree. Dkt. 13. All parties to the lawsuit—Plaintiff Puget Soundkeeper Alliance and Defendant KAG West, LLC—join in the request.

Puget Soundkeeper Alliance brought this lawsuit alleging violations of the Clean Water Act, 33 U.S.C. § 1251, et seq., relating to discharges of stormwater and other pollutants from KAG's trucking facility at 401 E. Alexander Avenue, Tacoma, WA 98421, which Puget Soundkeeper alleges violated "the terms and conditions of its National Pollutant Discharge Elimination System ('NPDES') permit authorizing certain stormwater discharges of pollutants from KAG West's facility in Tacoma, Washington to navigable waters." Dkt 1 ¶ 1; *see also id*.

¶ 22 ("KAG West discharges stormwater from the facility containing levels of pollutants that exceed the benchmark values established by the Permit . . . and is likely to continue discharging comparably unacceptable levels of pollutants in its stormwater."). Puget Soundkeeper alleges these "discharges" "contribute[d] to the polluted conditions of the waters of the state" and "to the ecological impacts that result from the pollution of these waters and to Soundkeeper and its members' injuries resulting therefrom." *Id.* ¶ 24. Puget Soundkeeper brought a single cause of action for these and other alleged NPDES permit violations. *See id.* ¶¶ 33–38.

To resolve the litigation, KAG has agreed to entry of the consent decree, under which it will, among other requirements, "adhere to the requirements of the Clean Water Act" and collect "composite flow proportional samples" until it vacates the facility. *See id.* ¶ 7. KAG also agrees to pay $350,000 to Puyallup Tribal Fisheries for use on a salmon habitat restor4ation project within the Commencement Bay watershed. *Id.* ¶ 8.

"A district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). A consent decree must "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction," come "within the general scope of the case made by the pleadings," and "must further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501, 525 (1986). The Court also considers whether the proposed consent decree is in the public interest. *See United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990).

The Court finds that the proposed consent decree meets these requirements. The consent decree resolves the dispute that prompted this litigation (over which this Court has federal-question jurisdiction) and it furthers the objectives of the Clean Water Act by seeking to ensure that KAG complies with federal law. This objective also serves the public interest.

The Court therefore GRANTS the joint, unopposed motion (Dkt. 13) to enter the proposed consent decree (Dkt. 13-1). The consent decree will be entered concurrently with this Order and will serve as a final judgment under Federal Rules of Civil Procedure 54 and 58.

Dated this 28th day of August, 2024.

_____
Tiffany M. Cartwright
United States District Judge

ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE - 3