HON. TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> KAG WEST, LLC, ) <br> ) <br> Defendant. ) <br> ) | No. 3:23-cv-05949-TMC <br><br> CONSENT DECREE |

## I.   STIPULATIONS

WHEREAS, Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") filed a complaint on October 23, 2023 against KAG West LLC ("KAG") (Dkt. 1) alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, relating to discharges of stormwater and other pollutants from KAG's trucking facility at 401 E. Alexander Avenue, Tacoma, WA 98421, covered at the time of entry of the Consent Decree under NPDES permit no. WAR305116 (the "Facility"), and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

WHEREAS, KAG will vacate the facility and cease operations sometime between November 30, 2024 and March 2025.

CONSENT DECREE
No. 3:23-cv-05949-TMC
1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4877-2601-3897.3

WHEREAS, counsel and representatives for Soundkeeper and KAG have engaged in mediation in an effort to resolve claims against KAG in this litigation.

WHEREAS, Soundkeeper and KAG (the "Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Soundkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 3rd day of July, 2024

| | |
|---|---|
| WILLIAMS KASTNER & GIBBS LLP | SMITH & LOWNEY, PLLC |
| By *s/James Bulthuis*<br>James Bulthuis, WSBA #44089<br>Mark Myers, WSBA #15362<br>*Attorneys for Defendant KAG West LLC*<br>KAG WEST LLC<br><br>By (signature)<br>Jacqueline A. Musacchia<br>Executive Vice President & General Counsel | By *s/Alyssa Koepfgen*<br>Alyssa Koepfgen, WSBA #46773<br>Katelyn Kinn, WSBA #42686<br>*Attorneys for Plaintiff Puget Soundkeeper Alliance*<br><br>PUGET SOUNDKEEPER ALLIANCE<br><br>By *Emily Gonzalez*<br>Emily Gonzalez<br>Director of Law & Policy |

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

CONSENT DECREE
No. 3:23-cv-05949-TMC
2

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

4877-2601-3897.3

1. This Court has jurisdiction over the Parties and subject matter of this action.

2. Each signatory for the Parties certifies for that party that he or she is authorized to enter into the agreement set forth herein and to legally bind the party or parties, their successors in interest, and assigns of the Parties.

3. This Consent Decree applies to and binds the Parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by KAG of the Facility.

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. KAG's payment of attorney's fees and litigation costs set forth in paragraph 9 of the Consent Decree will be in full and complete satisfaction of any claims Soundkeeper and Smith & Lowney, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation. Enforcement of this Consent Decree is Soundkeeper's exclusive remedy for any violation of its terms. During the term of the Consent Decree, Soundkeeper will not support, by financial assistance, personnel time, or otherwise, other lawsuits or potential lawsuits by Soundkeeper's members

CONSENT DECREE
No. 3:23-cv-05949-TMC
3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4877-2601-3897.3

or other groups or individuals that could be asserted under the terms of the Industrial Stormwater General Permit ("ISGP"), arising from operation of the Facility.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Soundkeeper in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of KAG or its contractors, customers, or other third parties. KAG agrees to the terms and conditions identified below in paragraphs 7 - 9 in full and complete satisfaction of all the claims covered by this Consent Decree:

7. Upon entry of the consent decree, KAG will implement the following injunctive relief:

    a. KAG will adhere to the requirements of the Clean Water Act at the Facility and the terms and conditions of the ISGP and any successor or modified permits until such time that it completely vacates the Facility.

    b. Until such time as KAG fully vacates the Facility, KAG will, on a quarterly basis, electronically forward to Soundkeeper copies of all submissions and written communications to and/or from Ecology related to KAG's ISGP coverage for the Facility along with written progress reports that explain efforts to comply with the consent decree.

    c. Within thirty (30) days of entry of the Consent Decree, KAG will begin either collecting composite flow proportional samples from its Parking Yard or sampling from a second sampling point at another catch basin nearest

CONSENT DECREE
No. 3:23-cv-05949-TMC
4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4877-2601-3897.3

       where the largest number of trucks are most often parked, in the approximate center close to the northwestern lease boundary. KAG will continue to either collect composite flow proportional samples or sample from the second sampling point until such time as it fully vacates the Facility.

    d. Within thirty (30) days of entry of the Consent Decree, KAG will remove the fuel truck used for on-site fueling.

    e. KAG must comply with the procedures for obtaining a Notice of Termination, as identified in ISGP Condition S13.B. KAG must apply for Notice of Termination within ten (10) days of fully vacating the Facility.

8. Payment in Lieu of Penalty: Within thirty (30) days of entry of this Consent Decree, KAG will pay $350,000 (THREE HUNDRED AND FIFTY THOUSAND DOLLARS) to Puyallup Tribal Fisheries for use solely for the South Prairie Creek Restoration Project, a salmon habitat restoration project within the Commencement Bay watershed, as described in Exhibit 1 to this Consent Decree. The check or ACH payment will be made to the order of Puyallup Tribal Fisheries, and delivered to Puyallup Tribal Fisheries, Attention: Russ Ladley, 6824 Pioneer Way E. Puyallup WA 98371. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Puget Soundkeeper Alliance v. KAG West LLC, W.D. Wash. No. 3:23-cv-05949-TMC." KAG will send a copy of the check or ACH remittance confirmations and cover letters, if any, to Soundkeeper and its counsel, pursuant to the notice provisions in paragraph 18.

9. Within ten (10) days of entry of this Consent Decree by the Court, KAG will

CONSENT DECREE
No. 3:23-cv-05949-TMC
5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4877-2601-3897.3

pay $119,000 (one-hundred and nineteen thousand dollars) to Soundkeeper to cover Soundkeeper's litigation fees, expenses, and costs (including reasonable attorneys and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Alyssa Koepfgen.

10. A force majeure event is any event outside the reasonable control of KAG that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that KAG timely notifies Soundkeeper of the event, the steps that KAG will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11. KAG will notify Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after KAG becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which KAG has no or limited control;

CONSENT DECREE
No. 3:23-cv-05949-TMC
6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4877-2601-3897.3

     d.     Unusually adverse weather conditions;

     e.     Restraint by court order or order of public authority;

     f.     Strikes;

     g.     Any permit or other approval sought by KAG from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where KAG has timely and in good faith sought the permit or approval;

     h.     Litigation, arbitration, or mediation that causes delay;

     i.     Epidemics and pandemics, including but not limited to, COVID-19 related delays;

     j.     Supply chain issues and delays.

12. This Court retains jurisdiction over this matter, while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. The

CONSENT DECREE
No. 3:23-cv-05949-TMC
7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4877-2601-3897.3

provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any additional court proceedings necessary to enforce the terms and conditions of this Consent Decree.

13. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the parties, Soundkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

14. This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates upon Ecology's issuance of a Notice of Termination pursuant to ISGP Condition S13.

15. Both Parties have participated in drafting this Consent Decree.

16. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

17. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

18. Notifications required by this Consent Decree must be in writing. The sending Party

CONSENT DECREE
No. 3:23-cv-05949-TMC
8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4877-2601-3897.3

may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving Party at the one or more addresses listed below or to any other address designated by the receiving Party in a notice in accordance with this paragraph.

**If to Puget Soundkeeper Alliance**:

Emily Gonzalez
Puget Soundkeeper Alliance
130 Nickerson Street, Suite 107
Seattle, WA 98109
Email: emily@pugetsoundkeeper.org

**And to**:

Alyssa Koepfgen
Katelyn Kinn
Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
Email:
alyssa@smithandlowney.com
katelyn@smithandlowney.com

**If to KAG:**

Jacqueline A. Musacchia, Esq.
Executive Vice President & General Counsel
The Kenan Advantage Group, Inc.
4366 Mt. Pleasant St. NW
North Canton, Ohio 44720
Email: Jacqueline.Musacchia@thekag.com

CONSENT DECREE
No. 3:23-cv-05949-TMC
9

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4877-2601-3897.3

**And to:**

James Bulthuis
Mark Myers
Williams Kastner
601 W 1st Avenue, Suite 1442
Spokane, WA 99201-3825
Email:
jbulthuis@williamskastner.com
mmyers@williamskastner.com

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided by e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 28th day of August, 2024.

CONSENT DECREE
No. 3:23-cv-05949-TMC
10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4877-2601-3897.3

Tiffany M. Cartwright
United States District Judge

Presented by:

WILLIAMS KASTNER

By  *s/James Bulthuis*
James Bulthuis, WSBA #44089
Mark Myers, WSBA #15362
*Attorneys for Defendant KAG*

SMITH & LOWNEY, PLLC

By *s/Alyssa Koepfgen*
Alyssa Koepfgen, WSBA #46773
Katelyn Kinn, WSBA #42686
*Attorneys for Plaintiff Puget Soundkeeper Alliance*

CONSENT DECREE
No. 3:23-cv-05949-TMC
11

4877-2601-3897.3

# Exhibit 1

 

# PUYALLUP TRIBE OF INDIANS

June 25, 2024

Katelyn Kinn, Attorney
Smith & Lowney PLLC
2317 E. John St.
Seattle, WA 98112

Via email Katelyn@smithandlowney.com

Re:   Puget Soundkeeper Alliance v. KAG WEST, LLC

      South Prairie Creek Habitat Restoration Project

Dear Ms. Kinn:

The Puyallup Tribe of Indians (the "Tribe") would be pleased to accept funds pursuant to the proposed Consent Decree in the above-referenced case settling a dispute relating to discharges of stormwater and other pollutants.

The Tribe agrees to the following:

1. The Tribe is the proposed recipient of the Payment in Lieu of Penalty under Paragraph 8 of the Consent Decree, which we have read.

2. The Tribe is a Federally Recognized Indian Tribe as listed in 88 Fed. Reg. 2112, 2114 (Jan. 12, 2023), Federal Tax I.D. Number 91-0955402. As an Indian tribal government, the Tribe is a tax-exempt entity under the Internal Revenue Code that is treated as a State, including *inter alia* under IRC section 164 and for purposes of determining whether and in what amount any contribution or transfer to or for the use of such government (or a political subdivision thereof) is deductible under IRC section 170 (relating to income tax deduction for charitable, etc., contributions and gifts). *See* 26 U.S.C. § 7871 (Internal Revenue Code).

3. The funds will be used only for the South Prairie Creek Habitat Restoration Project planned for the Puyallup River watershed (see project description, below).

**3009 Portland Avenue, Tacoma, WA 98404   *   Ph: (253) 573-7800   *   Fax: (253) 680-5996**

Katelyn Kinn, Attorney
Smith & Lowney PLLC
June 25, 2024
Page 2

4. The Tribe will not use the funds for political lobbying activities.

5. Once the project is completed, the Tribe will provide the Court, the United States, and the parties in this case a final report describing the work done on the project and showing how the funds were spent.

**Project Description**

This project will restore floodplain connectivity and instream habitat complexity on South Prairie Creek from river mile (RM) 4.5 to 5.0. South Prairie Creek is one of our most productive tributaries in the Puyallup watershed. This project will directly connect and build upon a restoration project constructed in 2020 on the South Prairie Creek Preserve from RM 4.0 to 4.5. The previously constructed project serves as the template for this next project which will: (1) Remove floodplain fill from a former horse track. (2) Excavate side channels to restore a multi-threaded channel network. (3) Install wood structures in the main channel, side channel, and floodplain to increase habitat complexity and floodplain engagement. (4) Restore native riparian and wetland plant communities through revegetation of 30 acres. See Figures 1 and 2, attached.

The floodplain re-connection project is currently under design. Final design and permitting is planned for 2025 with construction in 2026. The Puyallup Tribe Fisheries Department is working with the South Sound Salmon Enhancement Group which is the lead sponsor of the floodplain project.

Sincerely,

*Bill Sterud* (signature)

Bill Sterud, Chairman
Puyallup Tribe of Indians

Enclosures:
Figures 1 and 2,
South Prairie Creek Habitat Restoration Project



